IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TRUSTEES OF THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION 873 RETIREMENT PLAN<br><br>    Plaintiffs,<br><br>-vs-<br><br>CUPERTINO ELECTRIC, INC.<br><br>    Defendant. | CASE NO. 1:25-cv-2325 |

## COMPLAINT

1. Plaintiffs are trustees of a multiemployer employee benefit plan. Defendant is an employer obligated to contribute to the Plan based upon a contractually agreed rate. Plaintiffs bring this action on behalf of the participants and beneficiaries of the Plan for the purpose of collecting contributions and other amounts owed to the Plan.

## JURISDICTION AND VENUE

2. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* (2014). Jurisdiction is conferred upon this Court pursuant to ERISA §§ 502 and 515, 29 U.S.C. §§ 1132 and 1145, as this is a suit against an employer for failing to make required contributions to an employee benefit plan. Jurisdiction is also conferred upon this Court pursuant to Section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185(a), as this suit alleges violations of a collective bargaining agreement involving an employer and labor organization.

3. Venue is appropriate in this Court under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), because the plan of which Plaintiffs are Trustees is administered within the jurisdiction of the U.S. District Court, Southern District of Indiana, Indianapolis Division.

## THE PARTIES

4. Plaintiffs, the Trustees of the International Brotherhood of Electrical Workers Local Union 873 Retirement Plan ("Plan"), are fiduciaries of a trust fund created pursuant to LMRA § 302(c)(5), 29 U.S.C. § 186(c)(5), and administered through a Trust Agreement. The Plan is an employee pension plan and a multiemployer plan within the meaning of ERISA §§ 3(2) and (37), 29 U.S.C. §§ 1002(2) and (37). The Plan is administered by a joint Board of Trustees composed of an equal number of employee and employer representatives, as required by LMRA § 302(c)(5), 29 U.S.C § 186(c)(5), and the Plan's Board of Trustees is the "plan sponsor" as defined by 29 U.S.C. § 1002(16)(B)(iii). The Plan is administered in Howard County, Indiana.

5. Defendant, Cupertino Electric, Inc. ("Cupertino" or "Defendant") is a Delaware corporation with its principal place of business located in California. At all relevant times, Defendant was an employer as defined in LMRA § 2(2), 29 U.S.C. § 152(2) and ERISA § 3(5), 29 U.S.C. § 1002(5). Defendant was engaged in interstate commerce and affecting commerce as defined in ERISA § 3(11) and (12), 29 U.S.C. § 1002(11) and (12).

## COMMON FACTS

6. On or about January 15, 2022, Defendant executed a Memorandum of Understanding ("MOU") by which it agreed to be bound by the terms of the IBEW Local 873 Inside Collective Bargaining Agreement and the related 6th District Solar Addendum, effective from January 12, 2022 (collectively, "CBA"). (Exhibit A, MOU; Exhibit B; CBA).

7.     The terms of the MOU and CBA require Defendant to make contributions to the Plan, along with contributions to other employee benefit funds, based upon the number of hours paid to Defendant's covered employees. In addition to requiring contributions to the Plan, the CBA also incorporates by reference the terms of the Plan's Trust Agreement. (Ex. B, CBA, p. 14). The Trust Agreement, in turn, gives Plaintiffs authority to collect employer contributions due to the Plan. (Exhibit C, Trust Agreement, p. 7). The Trust Agreement also authorizes Plaintiffs to adopt and enforce a written collection policy and related policies. *Id*.

8.     Pursuant to the terms of the CBA, Trust Agreement, and Collection Policy, Defendant is required to make monthly contributions to the Plan on behalf of each of its covered employees. (Ex. B., CBA, p. 15; Ex. C, CBA, p. 7; Ex. D, Collection Policy, p. 1). Defendant must submit all monthly reports and contributions by the 15th day of the month following the month in which work was performed. *Id*. If payment is not received by the due date, the contributions are delinquent and are subject to liquidated damages of 15% of the contribution amount and interest at the rate of 10% per year until paid in full. (Ex. C, Trust Agreement, p. 20; Ex. D, Collection Policy, p. 1). Defendant is also liable for reasonable attorney's fees and costs incurred in connection with the collection of delinquent contributions and/or other amounts owed to the Plan. (Ex. C, Trust Agreement, p. 7; Ex. D, Collection Policy, p. 1).

9.     Pursuant to the terms of the Trust Agreement and Collection Policy, Defendant may also be subjected to audits as may be deemed appropriate to confirm the Defendant's compliance with its obligation to contribute. (Ex. C, Trust Agreement, p. 8; Ex. D, Collection Policy, p. 2). In the event an audit discloses unpaid contributions in excess of 5% of the total contributions owed during the period audited, Defendant is liable for the costs of the audit, along with any attorney's fees and costs incurred in connection with the amounts owed. *Id.*

10. The Plan's auditor examined Defendant's payroll and related records for the period from February 9, 2022 through March 31, 2024 ("the Audit Period"). The auditor's procedures disclosed significant unpaid contributions owed to the Plan. (Exhibit E, Audit Report).

11. As a result of the audit findings, the Plan has additionally assessed liquidated damages, interest, and audit costs, in accordance with the Collection Policy.

12. Despite multiple demands, Defendant has not paid the amounts owed to the Plan.

## COUNT I

**(ERISA Section 515, 29 U.S.C. Section 1145 – Failure to Pay Contributions)**

13. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

14. Defendant has failed to remit all contributions to the Plan for work performed by covered employees during the Audit Period, as required by the CBA, Trust Agreement, and Collection Policy.

15. As disclosed by audit, Defendant owes the Plan $103,676.40 in unpaid contributions. (Ex. E, Audit Report, p. 2).

16. Defendant's actions are in violation of ERISA § 515, 29 U.S.C. § 1145, and Defendant is therefore liable for delinquent contributions, liquidated damages, interest, and attorney fees and costs pursuant to ERISA § 502(a)(3), 29 U.S.C. §1132(a)(3).

## COUNT II
**(LMRA Section 301, 29 U.S.C. Section 185)**
**(Breach of Contract – Failure to Pay Contributions)**

17. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

18. Defendant has failed to remit all contributions to the Plan for work performed by covered employees during the Audit Period, as required by the CBA, Trust Agreement, and Collection Policy.

19. As disclosed by audit, Defendant owes the Plan $103,676.40 in unpaid contributions. (Ex. E, Audit Report, p. 2).

20. Defendant's actions are in violation of the CBA, Trust Agreement, and Collection Policy, and Defendant is therefore liable for delinquent contributions, liquidated damages, interest, audit fees, and attorney fees and costs pursuant to LMRA § 301, 29 U.S.C. § 185.

## COUNT III
### (ERISA Section 515, 29 U.S.C. Section 1145)
### (Failure to Pay Liquidated Damages and Interest)

21. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

22. Defendant has failed to remit all contributions to the Plan for work performed by covered employees during the Audit Period, as required by the CBA, Trust Agreement, and Collection Policy. As a result, Defendant is liable for liquidated damages and interest on all delinquent contributions, as provided in the Collection Policy.

23. Due to Defendant's failure to make timely contribution payments for multiple work months during the Audit Period, Defendant is liable for liquidated damages in the amount of $15,551.47. (Ex. E, Audit Report, p.2).

24. Due to Defendant's failure to make timely contribution payments for multiple work months during the Audit Period, Defendant is liable for interest in the amount of $13,142.11, as of December 31, 2024, plus interest thereafter. (Ex. E, Audit Report, p. 2).

25. Defendant's actions are in violation of ERISA § 515, 29 U.S.C. § 1145, and Defendant is therefore liable for liquidated damages and interest pursuant to ERISA § 502(a)(3), 29 U.S.C. §1132(a)(3).

## COUNT IV
### (LMRA Section 301, 29 U.S.C. Section 185)
### (Breach of Contract – Failure to Pay Liquidated Damages and Audit Costs)

26. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

27. Defendant has failed to remit all contributions to the Plan for work performed by covered employees during the Audit Period, as required by the CBA, Trust Agreement, and Collection Policy. As a result, Defendant is liable for liquidated damages and interest on all delinquent contributions, as provided in the Collection Policy.

28. Due to Defendant's failure to make timely contribution payments for multiple work months during the Audit Period, Defendant is liable for liquidated damages in the amount of $15,551.47. (Ex. E, Audit Report, p.2).

29. Due to Defendant's failure to make timely contribution payments for multiple work months during the Audit Period, Defendant is liable for interest in the amount of $13,142.11, through December 31, 2024, plus interest thereafter. (Ex. E, Audit Report, p. 2).

30. The audit disclosed delinquent contributions in excess of 5% of Defendant's total contributions owed to the Plan during the Audit Period. Accordingly, under the terms of the Collection Policy, Defendant is liable for the payment the Plan's audit costs, which total $6,000.

31. Defendant's actions are in violation of CBA, Trust Agreement, and Collection Policy, and Defendant is therefore liable for liquidated damages, interest, and audit costs pursuant to LMRA § 301, 29 U.S.C. § 185.

**WHEREFORE**, Plaintiffs demand the following relief against Defendant:

A. Judgment in favor of Plaintiffs and against Defendant for unpaid and delinquent contributions owed by Defendant for the Audit Period, in the amount of $103,676.40;

B. Judgment on behalf of Plaintiffs and against Defendant for liquidated damages on the delinquent contributions during the Audit Period in the amount of $15,551.47;

C. Judgment on behalf of Plaintiffs and against Defendant for accumulated interest on the delinquent contributions during the Audit Period in the amount of $13,142.11, plus additional

interest accrued after December 31, 2024 through the time of an entry of judgment, in an amount to be determined;

  D. Judgment on behalf of Plaintiffs and against Defendant for audit costs, in the amount of $6,000;

  E. An award of Plaintiffs' reasonable attorney's fees incurred in connection with the collection of the unpaid amounts as provided for by the terms of the CBA, Trust Agreement, Collection Policy, and ERISA § 502(g), 29 U.S.C. § 1332(g)(2)(D);

  F. The costs of this action;

  G. An Order retaining jurisdiction over this cause pending compliance with all Orders; and

  H. Any other legal or equitable relief which the Court deems just as provided for under ERISA § 502(g), 29 U.S.C. § 1132(g)(2)(E).

Respectfully submitted,

LEDBETTER PARTNERS LLC

/s/ Thomas R. Kendall
Sawyer C. Lehman (IN #35287-49)
Thomas R. Kendall (IN #26859-15)
5078 Wooster Rd., Suite 400
Cincinnati, OH 45226
(937) 619-0900 (ph)
(937) 619-0999 (fax)
slehman@fringebenefitlaw.com
tkendall@fringebenefitlaw.com
*Attorney for Plaintiffs*